IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROL WILLIAMS,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH
PLAN OF GEORGIA, INC.,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Carol Williams ("Plaintiff" or "Ms. Williams"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Kaiser Permanente Medical Center ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.* and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2021. Attached as Exhibit "A" is a copy of the charge of discrimination.

5.

The EEOC issued a "Notice of Right to Sue" on April 15, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice. Attached as Exhibit "B" is a copy of the "Notice of Right to Sue".

6.

This action has been commenced within ninety (90) days of receipt of the

"Notice of Right to Sue."

## **<u>PARTIES</u>**

7.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

During the relevant time, May 10, 2016, through February 10, 2022, Plaintiff was employed by Defendant.

9.

Defendant employed Plaintiff during the relevant time.

10.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

11.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

12.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under 42 U.S.C. § 12111(4).

13.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

14.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

15.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

16.

Defendant may be served with process via its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

## FACTUAL ALLEGATIONS

### 17.

Ms. Williams began working for Defendant on May 23, 2016, as a Licensed Practical Nurse ("LPN").

### 18.

Ms. Williams has one or more chronic medical conditions, including irritable bowel syndrome ("IBS"), as well as a brain tumor that requires constant monitoring.

### 19.

Due to Ms. Williams's own serious health conditions, in or around July 2017, she applied for intermittent leave under the Family and Medical Leave Act.

### 20.

As required, Ms. Williams recertified for her intermittent FMLA every year.

### 21.

In early 2020, Defendant began writing Ms. Williams up for missing work, even thought she was out due to her serious medical conditions.

### 22.

On or about August 30, 2021, Defendant informed Ms. Williams that she had exhausted her FMLA leave.

23.

On or around October 7, 2021, Ms. Williams spoke with Defendant's National Human Resources Office, who informed her that as of September 23, 2021, she had 1,523.64 hours and was qualified for FMLA leave.

24.

On or about September 2021, Ms. Williams requested a reasonable accommodation for her disabilities, bathroom breaks and periodic intermittent leave.

25.

On or around September 29, 2021, Defendant sent Ms. Williams home and stated that it could not accommodate her request for intermittent leave due to the unpredictable timing, frequency, and potential duration of her flareups.

26.

On or around October 1, 2021, Defendant placed Ms. Williams on a 90-day leave of absence from October 4, 2021, through January 5, 2022, for her to identify another job within the organization that she could perform with or without a reasonable accommodation.

27.

Defendant informed Ms. Williams that if she did not find another job within the 90-day period, she would be terminated.

Plaintiff duly applied for jobs within the company.

28.

Ms. Williams was capable of performing the essential functions of the jobs for which she applied with or without reasonable accommodations.

29.

On or around October 5, 2021, Ms. Williams informed Defendant that she was unable to access the system to apply for jobs.

30.

Defendant stated that it was an IT problem but did nothing to resolve the issue.

31.

Ms. Williams requested standard paperwork so that she could review the available jobs.

32.

After she applied for the jobs, Plaintiff was informed that the hiring managers had reviewed her applications and they would not be offering her positions because they would not be able to accommodate her requests for time off due to flare ups of her disability.

33.

Defendant refused to grant Ms. Williams FMLA leave to which she was entitled.

34.

On or around January 20, 2022, Defendant informed Ms. Williams that it was aware of her EEOC charge.

35.

On February 4, 2022, Defendant terminated Plaintiff.

36.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA

37.

But for Plaintiff's disability and request for medical leave for the same, she would not have been terminated.

38.

Employees outside of her protected class, i.e., employees who were not disabled and/or did not need medical leave, were treated differently, i.e., not terminated and/or hired.

39.

Defendant did not terminate Plaintiff because her requests presented any actual undue hardship, but rather due to the financial greed of the company.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

40.

Plaintiff reincorporates by reference paragraphs 18-39.

41.

Plaintiff had a medical condition that limited one or more major life activities.

42.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

43.

Defendant was aware of Plaintiff's disability.

44.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

45.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

46.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

47.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

48.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

49.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

50.

Defendant treated other employees outside Plaintiff's protected class differently.

51.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

53.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

54.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

55.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

56.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

57.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

58.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

59.

Plaintiff reincorporates by reference paragraphs 18-39.

60.

Plaintiff had a medical condition that limited one or more major life activities.

61.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

62.

Defendant was aware of Plaintiff's disability.

63.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

64.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

65.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

66.

Plaintiff applied for several positions with Defendant in an effort to be placed in an alternative position.

67.

Plaintiff was qualified for one or more of the positions for which she applied.

68.

Despite her qualifications, Plaintiff was denied the jobs for which she applied because the managers refused to accommodate her disability by providing the intermittent time off as required by the FMLA.

69.

Plaintiff was eligible for FMLA.

70.

Defendant failed to hire Plaintiff because of her disability, perceived disability, or record of having a disability.

71.

By failing to hire Plaintiff because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

72.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

73.

Defendant treated other employees outside Plaintiff's protected class differently.

74.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

75.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

76.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

77.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

78.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

79.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

80.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

81.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

82.

Plaintiff re-alleges paragraphs 18-39 as if set forth fully herein.

83.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to hearing.

84.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

85.

Defendant was aware of Plaintiff's disability.

86.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

87.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

88.

Plaintiff requested that Defendant accommodate her disability by providing her with intermittent leave.

89.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

90.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

91.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

92.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

93.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

94.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

95.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

94.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

97.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

98.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  RETALIATION IN VIOLATION OF
## THE ADA, AS AMENDED

74.

Plaintiff reincorporates by reference paragraphs 18-39.

75.

Plaintiff had a physical health impairment which limited one or more major life activities.

76.

Plaintiff's physical health impairment is a "disability" within the meaning of the ADA, as amended.

77.

Defendant was aware of Plaintiff's disability.

78.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

79.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

80.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

81.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

82.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

83.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

84.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

85.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

86.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

87.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

88.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

## COUNT V:  FMLA INTERFERENCE

89.

Plaintiff reincorporates by reference paragraphs 18-39.

90.

Defendant is an 'employer' as defined by the FMLA.

91.

Plaintiff was an eligible employee under the FMLA.

92.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

93.

Plaintiff was employed by Defendant for more than 12 months.

94.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

95.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

96.

Plaintiff had a medical condition that required Plaintiff to take time off work.

97.

Plaintiff had a serious medical condition as defined by the FMLA.

98.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on or about July 1, 2017.

99.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

100.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

101.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

102.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, liquidated damages, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT VI:  FMLA RETALIATION

103.

Plaintiff reincorporates by reference paragraphs 18-39.

104.

Defendant is an 'employer' as defined by the FMLA.

105.

Plaintiff was an eligible employee under the FMLA.

106.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

107.

Plaintiff was employed by Defendant for more than 12 months.

108.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

109.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

110.

Plaintiff had a medical condition that required Plaintiff to take time off work.

111.

Plaintiff had a serious medical condition as defined by the FMLA.

112.

Defendant received notice of Plaintiff's need for protected medical leave for her own serious medical condition on or about July 1, 2017.

113.

Defendant denied Plaintiff the opportunity for FMLA leave, even though she was eligible under the FMLA.

114.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

115.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

116.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

117.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)      Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which she may be entitled.

Respectfully submitted the 13th day of July, 2022.

**BARRETT & FARAHANY**

Kira Y. Fonteneau
Georgia Bar No. 103355
*Attorneys for Plaintiff*

P.O. Box 350092
Atlanta, GA 30353
T: 404.214.0120
kira@justiceatwork.com

EXHIBIT "A"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2022-00040 |

and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Carol Williams** | ▓▓▓▓ | ▓▓▓▓ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | **Powder Springs, Georgia 30127** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Kaiser Permanente Medical Center** | **500+** | **(678) 583-6600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **750 Town Park Lane** | **Kennesaw, GA 30144** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **EEOC RECEIVED 11/15/2021** | | |

| Street Address | City, State and ZIP Code |
|---|---|

**DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: **October 20, 2019**   Latest: **September 29, 2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.      I began working for the employer on May 23, 2016, as LPN.  I was denied accommodations (access to a restroom on short notice)

II.      The employer stated I was placed on 90 days of unpaid leave because they could not accommodate my disability.  I was told that I needed to find another position during that time or I would be terminated.  White employees were provided accommodations.  For example, Bobbie Jo Marshall, LPN (white) was accommodated in her scheduling so she would not have to walk as far following a surgery .  Karen Schmidt, RN (white) had her office moved closer to the waiting area following knee surgery so she would not have to walk as far.

III.      I believe I was discriminated against based on my disability in violation of the Americans with Disabilities Act, as amended, and Section 504 of the Rehabilitation Act of 1973, as well as on my race (African-American) in violation of Title VII of the Civil Rights Act, as amended

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11-15-21 | *Carol Williams* (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date | Charging Party Signature | |

EXHIBIT "B"

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Miss Carol A. Williams**<br>**4644 Powder Springs Dallas Road Unit 2112**<br>**POWDER SPRINGS, GA 30127** | From: **Atlanta District Office**<br>**100 Alabama Street, SW, Suite 4R30**<br>**Atlanta, GA 30303** |

| EEOC Charge No.<br>**410-2022-00040** | EEOC Representative<br>**Emmanuel Vega Arreola,**<br>**Federal Investigator** | Telephone No.<br>**470-531-4871** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Daniel E. Nance

Digitally signed by Daniel E. Nance
Date: 2022.04.15 13:23:17 -04'00'                                         For

*Daniel E. Nance*

**Darrell Graham**
**District Director**

Enclosures(s)

| | |
|---|---|
| cc: **Diana L Howe**<br>**Barrett & Farahany**<br>**1100 Peachtree St., N.e., Suite 500**<br>**Atlanta, Georgia 30309**<br>**(404) 537-4169**<br>**diana@justiceatwork.com** | cc: **Charles Walters**<br>**Kaiser Permanente Medical Center**<br>**2101 E. Jefferson St., 7E**<br>**Rockville, Maryland 20852**<br>**(301) 816-7104**<br>**charles.f.walters@kp.org** |